**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY McCORMICK,

      Plaintiff-Appellant,

v.

THE CITY OF McALESTER,

      Defendant-Appellee.

No. 12-7077
(D.C. No. 6:11-CV-00166-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

Jerry McCormick appeals the district court's entry of summary judgment in favor of the City of McAlester, Oklahoma (City). He sued the City under 42 U.S.C. § 1983 alleging that due to the City's policies and customs, his constitutional rights were violated by police conduct in an ongoing dispute with his neighbors. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

The parties are familiar with the facts so we need not describe them in detail here. Moreover, the facts of the neighborhood dispute are largely irrelevant to the issues presented on appeal. Briefly, the feud between Mr. McCormick's family and their neighbors started when their dog ran loose around the neighborhood. The neighbors complained about the dog, tensions escalated, and further complaints and harassment by all parties ensued. Eventually, Mr. McCormick was arrested on charges of felony intimidation of a witness and misdemeanor false reporting of a crime. At the conclusion of the preliminary hearing, the district attorney decided to dismiss the charges. Mr. McCormick then filed the underlying lawsuit alleging that the City violated his constitutional rights by (1) failing to train its police officers; (2) encouraging its police officers to effect false arrests of citizens, to commit assaults against citizens, and to issue false charges and tickets against citizens; (3) failing to discipline its police officers; and (4) failing to properly investigate citizen complaints.[1]

The district court granted the City's motion for summary judgment. Mr. McCormick then filed a motion to reconsider and grant a new trial date. In the motion, he attempted to assert a First Amendment retaliation claim. The district court denied the post-judgment motion. Mr. McCormick appeals the summary

---

[1] Mr. McCormick also sued Pittsburg County, Oklahoma, but voluntarily dismissed it as a defendant. *See* Aplee. Supp. App. at 10.

judgment order and the order denying post-judgment relief. He makes two arguments: (1) the Chief of Police was the final policymaker over police matters, and (2) his First Amendment claim should have been allowed to proceed.

## II. DISCUSSION

Mr. McCormick argues on appeal that summary judgment was improper because the evidence established that the Chief of Police was the final policymaker. But he did not raise this argument to the district court. Instead, he argued that his alleged legal injury was caused by the City's policies or customs. He further argued that the City Council and the City Manager, who had final authority to establish policy, ratified the Police Chief's decisions, which allowed the police officers to violate his constitutional rights. For his current argument that the Chief of Police was the final policymaker, he has not cited "the precise reference in the record where the issue was raised and ruled on," 10th Cir. R. 28.2(C)(2), and our review of his filings in the district court has not revealed that he made this argument.[2]

Under our system of jurisprudence, parties are charged with the responsibility of "craft[ing] their own legal theories for relief in the district court." *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). As an appellate court, our "significant but limited job [is] to correct errors made by the district court in assessing the legal theories presented to it, not to serve as a second-shot forum where

---

[2] Mr. McCormick asserted in his post-judgment motion that the Chief of Police was the final policymaker. *See* Aplt. App. at 839. As we conclude below, the district court did not abuse its discretion in denying post-judgment relief.

secondary, back-up theories may be mounted for the first time." *Id.* (internal quotation marks and ellipsis omitted). A newly raised theory "may form a basis for reversal only if the appellant can satisfy the elements of the plain error standard of review." *Id.* (emphasis omitted).[3] Here, however, Mr. McCormick has not attempted to show how his new theory of municipal liability satisfies the plain error standard. Thus, he cannot win reversal on this point. *See id.* at 1130-31.

We turn to Mr. McCormick's claim that the district court erred in denying his post-judgment motion.[4] He argued that to prevent manifest injustice he should have been allowed to amend his complaint to bring a First Amendment retaliatory prosecution claim. The district court ruled that (1) a post-judgment motion could not be used to bring claims that were available prior to summary judgment; (2) Mr. McCormick had ample opportunity to raise a First Amendment claim prior to judgment; and (3) even if allowed, amendment would be futile because Mr. McCormick had no evidence of an absence of probable cause or of the City's motivation to retaliate for his exercise of his First Amendment rights.

---

[3] To establish plain error, a party must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Richison*, 634 F.3d at 1128.

[4] Rather than address the district court's ruling on his post-judgment motion, Mr. McCormick argues the merits of a First Amendment claim. *See* Aplt. Opening Br. at 19 n.1 (stating his complaint "pled all the proper facts in relation to the First Amendment Claim through Due Process," but acknowledging that his complaint did not list "First Amendment claims as grounds for relief"). As explained above, the role of the appellate court is to review the district court's rulings, not to consider newly raised claims.

"We review for abuse of discretion the district court's denial of [a] post-judgment motion to alter or amend the judgment . . . ." *F.T.C. v. Chapman*, __ F.3d __, No. 11-3319, 2013 WL 1877208, *3 (10th Cir. May 7, 2013). We also "review for abuse of discretion a district court's denial of leave to amend a complaint, but we review de novo the legal basis for the finding of futility." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To establish a § 1983 retaliation claim against non-immune officials, [a plaintiff] must plead and prove (1) that [he] was engaged in a constitutionally protected activity; (2) that a defendant's action caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that a defendant's action was substantially motivated as a response to [his] exercise of [his] First Amendment speech rights.

*Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007). In addition, a plaintiff must plead and prove the absence of probable cause. *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006).[5] And to hold a municipality liable under § 1983 for the acts of its

---

[5]  The Supreme Court discussed in *Hartman* the "complexity of causation in a claim that prosecution was induced by [a nonprosecutor] official bent on retaliation," 547 U.S. at 265, and the challenges of proving "a chain of causation from animus to injury," *id.* at 259. Because "the prosecutor . . . is absolutely immune from liability for the decision to prosecute[,] the defendant will be a nonprosecutor . . . who may

(continued)

- 5 -

employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Becker v. Bateman*, 709 F.3d 1019, 1025 (10th Cir. 2013) (internal quotation marks omitted).

Mr. McCormick lists several instances of alleged free-speech retaliation *by the police department*. *See* Aplt. Opening Br. at 17-19.[6] He has not, however, identified any City municipal policy or custom that was the moving force behind his alleged constitutional deprivation. Therefore, his proposed amendment was subject to dismissal for failure to state a claim.

To the extent Mr. McCormick renews on appeal his claim that there was a lack of probable cause for his prosecution, he has presented no argument, supported by legal authorities and citation to the record, to show a lack of probable cause. *See* Fed. R. App. P. 28(a)(9)(A) (requiring appellant's brief to contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies"). "Arguments not clearly made in a party's opening brief are deemed waived." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012). Thus,

have influenced the prosecutorial decision but did not himself make it." *Id.* at 262. Consequently, "a plaintiff . . . must show that the nonprosecuting official acted in retaliation, and must also show that he induced the prosecutor to bring charges that would not have been initiated without his urging." *Id.*

[6]    Mr. McCormick also contends that the assistant district attorney who made the decision to file criminal charges against him did so in retaliation for his exercise of free speech. But the assistant district attorney's "charging decisions are absolutely immune from civil suit for monetary damages." *Becker*, 494 F.3d at 925.

we find no abuse of discretion in the district court's order denying Mr. McCormick's post-judgment motion.

## III. CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

John C. Porfilio
Senior Circuit Judge